UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDGAR AGUSTIN MOCTEZUMA MACIAS,<br><br>       Petitioner,<br><br>   v.<br><br>BRIAN HENKEY, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MICHAEL HOLLINGSHEAD, Sheriff of Elmore County,<br><br>       Respondents. | Case No.  1:25-cv-00741-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Edgar Moctezuma Macias (Dkt. 1). For the reasons described below, the Court grants the Petition.

ORDER - 1

## BACKGROUND

Petitioner is a national of Mexico who has lived in the United States since 1997. Dkt. 1 ¶ 17. He currently resides in Caldwell, Idaho, and has three U.S. citizen children and no criminal history. *Id.* He was taken into custody on December 29, 2025, and was detained at the Elmore County Detention Center in Mountain Home, Idaho. *Id.* ¶¶ 1, 17. He filed a Petition for Writ of Habeas Corpus on December 31, 2025. On January 2, 2026, the Court imposed a temporary restraining order (TRO) requiring Respondents to release Petitioner pending the resolution of his Petition. On January 13, 2026, the Court vacated the TRO to correct a procedural error but reimposed it with substantively similar conditions.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* (quotation omitted).

## ANALYSIS

As the Court previously noted, the present Petition is one of many recent challenges to a policy shift by the Department of Homeland Security (DHS) and

Executive Office of Immigration Review (EOIR) regarding the application of 8 U.S.C. § 1225. *See* Dkt. 4 at 2-8. Because the Court has already addressed this issue numerous times, the analysis here will be brief. *See, e.g.*, *Cordero Esparza v, Knight*, 1:25-cv-00601-BLW, 2025 WL 3228282 (D. Idaho Nov. 19, 2025).

Historically, noncitizens potentially subject to immigration detention could be detained under two possible statutes. Section 1225 applied to noncitizens "seeking admission into the country"— those apprehended at or near the border— and did not allow for a bond hearing. But noncitizens already established in the United States were detained under 8 U.S.C. § 1226, which provides for discretionary detention with bond hearings to allow the release of detainees who do not pose a danger to the community or flight risk. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). This statutory scheme reflects a longstanding distinction between noncitizens who reside in the United States and those who have not yet entered. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

In July 2025, DHS attempted to eliminate this distinction. On July 8, 2025, ICE issued "Interim Guidance Regarding Detention Authority for Applicants for Admission," instructing that all persons who entered without inspection be subject to mandatory detention under § 1225(b)(2)(A), regardless of when they were apprehended or how long they have resided in the United States. On September 5, 2025, the Board of Immigration Appeals (BIA) issued a precedential decision in

*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that immigration judges lack authority to conduct bond hearings for individuals who entered without admission, as they are deemed "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). Since then, district courts across the country have found that this interpretation violates the Immigration and Nationality Act and the constitutional due process rights of detained immigrants. *See, e.g.*, *Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

This Court has considered a number of substantively identical habeas petitions in recent months and has repeatedly rejected Respondents' reading of § 1225. Respondents have not offered any new arguments here, and there is no need here to restate the Court's reasoning, which is laid out at length in cases such as *Quijada Cordoba v. Knight*, 1:25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025). The Court again finds that Petitioner's mandatory detention under § 1225 is unlawful.

Petitioner's release remains the appropriate remedy. He has resided in the United States for nearly 30 years, has no criminal record, and has U.S. citizen children. Respondents do not provide any facts whatsoever to justify his detention,

making a bond hearing unnecessary to establish whether he poses a safety risk or flight risk.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1) is GRANTED.

DATED: January 27, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

ORDER - 5